IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**OLSON & ASSOCIATES OF
NW FLORIDA, INC., a Florida
corporation, & CARL RICHARD
OLSON, JR., an individual,
        Plaintiffs,**

**v.**                                                              **Case No.: 3:07cv406/WS/MD**

**PETER MCMAHON,
        Defendant.**
_____

## REPORT AND RECOMMENDATION

Plaintiffs originally filed this action against the defendant in the Circuit Court of Okaloosa County, Florida, case number 07-CA-2173, on May 4, 2007. (Doc. 9, ex. A). Defendant removed the case to this court on September 21, 2007. (Doc. 1). Pending before the court is plaintiffs' motion to remand. (Doc. 9). Defendant has responded in opposition to the motion. (Doc. 15). After careful consideration of the record in this case, the undersigned concludes that this court lacks a proper basis for removal jurisdiction, that this matter should be remanded to the state court from which it was removed, and that all pending motions should be denied as moot.

## BACKGROUND AND PROCEDURAL HISTORY

On May 4, 2007 plaintiffs filed an action against the defendant in the Okaloosa County Circuit Court, asserting a claim for slander of title/disparagement of property, tortious interference, declaratory judgment and damages pursuant to the Uniform Commercial Code, Article 9, Florida Statute Chapter 679, *et seq*. (Doc. 9, ex. A). On May 29, 2007 defendant filed his purported "answer" to the complaint. (*Id*., ex. C). Thereafter, plaintiffs filed a motion for temporary injunctive relief, which was later

supplemented.  (*Id.*, exs. D, E).  A hearing was held, at which defendant failed to appear.  On August 15, 2007 the state court entered an order granting temporary injunctive relief.  (*Id.*, ex. G).  The state court mailed defendant a copy of the order.  In addition, plaintiffs served a copy of the order upon defendant via process server on August 23, 2007.  (*Id.*, ex. H).

On September 21, 2007 defendant removed the action to this court.  (Doc. 1).  In his notice of removal, defendant captions this action "In Admiralty," references it as such within his notice, and refers to himself, or his alter ego "Peter Guy: McMahon," as a "vessel."  (*Id.*, ¶ 7).  In his response to plaintiffs' motion to remand, however, defendant states that any discussion regarding "vessel" (and admiralty) are "immaterial and irrelevant," because the basis for his removal is federal question jurisdiction.  (Doc. 15, p. 2).  Defendant explains:

> Upon the signing of this purported Order [the state court order granting temporary injunctive relief], the court attempted to impair the obligation of contract in violation of Article 1, section 10, clause 7 of the U.S. Constitution, thus giving rise to, "a claim or right arising under the Constitution . . . [and] shall be removable without regard to the citizenship fothe parties."  (28 USC 1441(b)).

(*Id.*).

Plaintiffs contend that remand is appropriate, because the removal is time-barred and otherwise defective, and because there is no basis for federal jurisdiction.  (Doc. 9).

## DISCUSSION

The right to remove a case from state to federal court derives from the statutory grant of jurisdiction in 28 U.S.C. § 1441, which provides in relevant part:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).[1]  In assessing the propriety of removal, the rules for determining whether a controversy "arises under" federal law, thereby creating federal question jurisdiction, are well established.  First, federal law must be an "essential" element of the plaintiff's cause of action.  *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936).  Second, the federal question which is the predicate for removal "must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal."  *Id.* at 113, 57 S.Ct. at 98.  Thus, the federal claim or right that provides the predicate for removal cannot appear for the first time in the defendant's answer by way of defense, nor is it sufficient for the federal question to enter the case as a counterclaim asserted by the defendant.  14B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3722 (Supp. 2007); *see Gully, supra*, 299 U.S. at 113, 57 S.Ct. at 98.  Third, the federal question raised must be a "substantial" one.  *Hagans v. Levine*, 415 U.S. 528, 536, 94 S.Ct. 1372, 1378, 39 L.Ed.2d 577 (1974).  Finally, the party seeking removal bears the burden of satisfying each of these preconditions.  *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127-28, 94 S.Ct. 1002, 1003, 39 L.Ed.2d 209 (1974).

Here, the defendant does not contend that plaintiffs' claims in the state court action arise under the Constitution or laws of the United States.  Indeed, there would be no basis for such argument.  As asserted in plaintiffs' well-pleaded complaint, their claims arise exclusively under state law.  Defendant's stated basis for removal

---

[1]Furthermore, section 1441(b) provides, in relevant part:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. . . .

Section 1441(c) provides:

> Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

28 U.S.C. § 1441(c).

is that this case presents a federal question because the state court violated his rights under the contracts clause of the Constitution when it issued the order granting plaintiffs' motion for temporary injunctive relief.  This argument is wholly frivolous.  As previously discussed, the federal claim or right that provides the predicate for removal cannot appear for the first time in the defendant's answer or as a counterclaim.

Furthermore, even if a defendant's defense or counterclaim <u>could</u> serve as a predicate for removal, the defendant's contracts clause claim in this case is so unsubstantial as to be absolutely devoid of merit and, therefore, insufficient to impart jurisdiction to this court.  The contract clause provides: "No State shall . . . pass any . . . Law impairing the Obligation of Contracts."  U.S. Const. art I, § 10.  The clause applies to legislative, not judicial action.  *Aves By and Through Aves v. Shah*, 914 F.Supp. 443, 447 (D. Kan. 1996) ("The underlying purpose of the contract clause is to protect the expectations of persons who enter into contracts from the danger of subsequent legislation.").

## CONCLUSION

Defendant has failed to establish a basis for federal question jurisdiction.  Therefore, this case should be remanded as improvidently removed.

Accordingly, it is respectfully RECOMMENDED:

1.  That plaintiffs' motion to remand (doc. 9) be GRANTED.

2.  That the removal be DISMISSED as improper.

3.  That all pending motions be DENIED AS MOOT.

4.  That the clerk be directed to remand this case to the Circuit Court for Okaloosa County, Florida, and close this file.

At Pensacola, Florida, this 22nd day of January, 2008.


/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636;** *United States v. Roberts,* **858 F.2d 698, 701 (11th Cir. 1988).**